IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHRISTOPHER CHAFIN,

      Plaintiff,

v.                               Case No.:  3:13-cv-01706

WESTERN REGIONAL JAIL;
WEST VIRGINIA REGIONAL JAIL
 AND CORRECTIONAL FACILITY
AUTHORITY; MIKE CLARK, former
Administrator of the Western Regional
Jail; JOE DELONG, Executive Director of
the West Virginia Regional Jail and
Correctional Facility Authority; OFFICER
MATTHEW ADKINS; OFFICER KELLY;
OFFICER MANNING; OFFICER PRADMORE;
OFFICER SPARKS; OFFICER JOHN DOE#1;
OFFICER JOHN DOE #2; OFFICER JOHN
DOE #3; SERGEANT FLEMING; NURSE
JANE DOE,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

      On January 31, 2013, Plaintiff Christopher Chafin ("Chafin"), proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, alleging that while he was incarcerated at the Western Regional Jail in Barboursville, West Virginia he was the victim of physical abuse, verbal abuse, and false disciplinary charges. Chafin requested money damages and an early release from custody. (ECF No. 2). The undersigned conducted a status conference on February 28, 2013, after which Chafin filed an amended complaint. (ECF No. 11). In the amended complaint, Chafin joined additional defendants and reiterated his demand for money damages. He also requested that the defendants be reprimanded

1

for their unconstitutional behavior[1] and that he be awarded reimbursement for future expenses related to his abuse at the hands of the defendants. Chafin is currently incarcerated at the Mount Olive Correctional Center.

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4). Pending before the Court are the following motions:

1. Motion to Dismiss on Behalf of Defendants, West Virginia Regional Jail & Correctional Facility Authority ("the Authority") and the Western Regional Jail ("WRJ"), (ECF No. 24);

2. Supplemental Motion to Dismiss filed on behalf of all defendants, except Nurse Jane Doe and Officer John Doe #3, (ECF No. 34); and

3. Second Supplemental Motion to Dismiss filed on behalf of all defendants, except Officer John Doe #3. (ECF No. 35).

Defendants, the Authority and the WRJ, seek an order of dismissal on the basis that they are arms of the State and therefore not subject to suit. The remaining defendants argue that they should be dismissed because "Plaintiff has identified each Defendant in their official capacity and has failed to make any allegation that any Defendant is being sued in their individual capacity." (ECF Nos. 34 at 1, 35 at 1). Having thoroughly considered the motions, the undersigned **FINDS** that Defendants, the Authority, the WRJ, and Joe Delong, are entitled to the relief they seek. The undersigned further **FINDS** that the remaining defendants are not entitled to dismissal

---

[1] The undersigned disregards this demand as it seeks relief that is not available in this action.

at this time. Therefore, the undersigned **RECOMMENDS** that the presiding District Judge **GRANT, in part,** and **DENY**, **in part**, the Defendants' motions to dismiss; **DISMISS** the complaint, with prejudice, against the Authority, the WRJ, and Joe Delong; and remove them from the style of the case.

I.  **Standard of Review**

The Authority and WRJ have filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), while the remaining defendants have not clarified under which procedural rule they request dismissal. A motion under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the dispute, *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982),while a motion under Rule 12(b)(6) tests the sufficiency of the complaint to state a claim. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). As a basis for dismissal, the Authority and the WRJ contend that they are immune from suit under the Eleventh Amendment to the United States Constitution. Each of the remaining defendants argues that the complaint should be dismissed against him because he is not a person subject to suit under § 1983.

A Rule 12(b)(1) motion can be presented in two ways. First, the movant may claim that the jurisdictional allegations of the complaint are not true. *Adams,* 697 F.2d at 1219. In that case, the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside of the pleadings without converting the proceeding to one for summary judgment. *Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams,* 697 F.2d at 1219). Second, the movant may contend, as the Authority and WRJ have done here, that "a complaint

3

simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams,* 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id.* The burden of proving that the court has subject matter jurisdiction rests with the plaintiff as he is the party asserting it. *Johnson v. North Carolina,* \_\_F.Supp.2d\_\_, 2012 WL 5024039, at *4 (W.D.N.C. Oct. 17, 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

Rule 12(b)(6) permits the district court to dismiss a complaint that fails to state a claim upon which relief may be granted. A complaint fails to state a compensable claim when, viewing the well-pleaded factual allegations as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp,* 550 U.S. at 570; *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679. Courts are required to liberally construe *pro se* complaints, such as the one filed in this action. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that

4

were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). A Rule 12(b)(6) motion should be granted only "'where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.'" *Hartmann v. Calif. Dept. of Corr. & Rehab.,* 707 F.3d 1114, 1122 (9th Cir.2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1102 (9th Cir.2008)).

"The Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or 12(b)(6)." *Haley v. Virginia Dept. of Health*, Case No. 4:12-cv-0016, 2012 WL 5494306, at *2 n.2 (W.D.Va. Nov. 13, 2012) (citing *Andrews v. Daw,* 201 F.3d 521, 525, n.2 (4th Cir. 2000)). "The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." *Id.; See also Johnson,* 2012 WL 5024039, at *4 (W.D.N.C. Oct. 17, 2012) (collecting cases). Whether Eleventh Amendment immunity should be evaluated under Rule 12(b)(1) or 12(b)(6) is a distinction without a difference in this case given that the undersigned has relied solely on the pleadings in resolving the issue, having construed them in the light most favorable to Chafin. *Beckham v. Nat'l. R.R. Passenger Corp.,* 569 F.Supp.2d 542, 547 (D.Md. 2008).

## II.     Discussion

### A.     The Authority and the WRJ

The Eleventh Amendment to the United States Constitution provides, in relevant part, that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by

5

Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment refers only to suits by citizens of other states, the Supreme Court of the United States has construed the Amendment to "establish that 'an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another state." *Port. Auth. Trans-Hudson Corp. v. Feeney,* 495 U.S. 299, 304 (2009) (quoting *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984)). The immunity created by the Amendment protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *Taylor v. Ozmint,* Case No. 0:10-50- HMH-PJG, 2011 WL 286133, at *2 (D.S.C. Jan. 7, 2011) (citing *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 78, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *See also Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1977) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities").

As a threshold issue, the undersigned must determine whether the Authority and the WRJ are arms of the State protected by its Eleventh Amendment immunity. In *Roach v. Burch,* the United States District Court for the Northern District of West Virginia conclusively resolved this issue. 825 F.Supp. 116, 118 (N.D.W.Va. 1993). Using generally accepted factors to assess whether the Authority was "an arm" or "alter ego" of the State, the District Court found that the Authority was, "in effect, the State" and thus enjoyed "the Constitutional immunity of the Eleventh Amendment." *Id.* Similarly, the WRJ, which is a subdivision of the Authority and part of the West Virginia prison system, is also entitled to immunity from suit in federal court. *See* West Virginia Code §

30-20-1a, et seq; *Meadows v. Huttonsville Correctional Center,* 793 F.Supp. 684, 686 (N.D.W.Va. 1992); *see also Mora v. Westville Correctional Facility,* Case No. 3:07-cv-259, 2008 WL 2906761, at *2 (N.D. Ind. July 24, 2008).

Three narrow exceptions to Eleventh Amendment immunity exist. *Lee-Thomas v. Prince George's County Public Schools,* 666 F.3d 244, 248-49 (4th Cir. 2012). First, the State may waive its right to immunity and consent to suit. *Lapides v. Bd. of Regents Univ. Sys. of Ga.,* 535 U.S. 613, 618, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002). Such a waiver must be express; an "'unequivocal' statement of the state's intention to subject itself to suit in *federal* court." *See Regueno v. Erwin*, Case No. 2:13-cv-815, 2013 WL 1837881, at *3 (S.D.W.Va. May 01, 2013) (quoting *Westinghouse Elec. Corp. v. W. Va. Dept. of Highways,* 845 F.2d 468, 470–71 (4th Cir. 1988)). Defendants argue that West Virginia has not waived its Eleventh Amendment immunity, a position that is consistent with legal precedent. *Meadows,* 793 F.Supp. at 686; *see also Fridley v. West Virginia Dept. of Corrections,* Case No. 3:08-cv-111, 2009 WL 1097529, at *2 (Apr. 22, 2009). Chafin does not dispute the accuracy of this assertion. Consequently, this exception does not apply.

Second, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Bd. of Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (quoting *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000)). The Supreme Court of the United States has definitively answered the question of whether Congress intended to abrogate a State's immunity against suits brought under 42 U.S.C. § 1983. In *Will v. Mich. Dept. of State Police,* the Supreme Court analyzed the statute and concluded that Congress did

not have the States in mind as potential defendants when it imposed liability on "persons" under § 1983. *Will,* 491 U.S. at 65. Noting that ordinary rules of statutory construction required Congress to make any alteration of the "usual constitutional balance between the States and the Federal Government … unmistakably clear in the language of the statute," the Supreme Court observed that had Congress intended to include States as "persons," it would have explicitly done so. *Id.* at 65 (citing *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985)). Reaffirming this decision two years later, the Supreme Court explained that "interpreting the words '[e]very person' to exclude the States accorded with the most natural reading of the law, with its legislative history, and with the rule that Congress must clearly state its intention to alter 'the federal balance' when it seeks to do so." *Hafer v. Melo,* 502 U.S. 21, 26, 112 S.Ct. 358, 116 L.Ed.2d 601 (1991) (quoting *Will,* 491 U.S. at 65). Therefore, the law is well-settled that Congress has not abrogated Eleventh Amendment immunity in the context of a § 1983 action. *See Quern v. Jordan,* 440 U.S. 332, 340, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

As to the third and final exception, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins,* 540 U.S. 431, 437, 124 S.Ct. 899, 157 L.Ed.2d 855 (2004) (citing *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). "The *Ex Parte Young* exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, *and* who threaten and are about to commence proceedings'" to enforce an unconstitutional act against affected parties. *McBurney v. Cuccinelli, II,* 616 F.3d 393, 399 (4th Cir. 2010) (citing *Ex Parte Young, 209* U.S. at 155-156). The state officer being sued must have "proximity to and

8

responsibility for the challenged state action" before the exception can be invoked. *Id.* Moreover, the exception "applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy,* 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (internal citations omitted). Here, Chafin has sued the Authority and the WRJ, not an official authorized with carrying out an alleged unconstitutional policy or procedure. As a result, Chafin's complaint against the Authority and the WRJ should be dismissed. *Lee-Thomas,* 666 F.3d at 249 (the lawsuit must name as a defendant a state official, not a state agency); *see also Thomas v. Nakatani,* 309 F.3d 1203, 1208 (9th Cir. 2002) (*"Ex Parte Young* doctrine creates a fiction by allowing a person to enjoin future state action by suing a state official for prospective injunctive relief rather than the state itself. Even so, the Supreme Court has emphasized the importance of respecting this fiction"). Moreover, Chafin does not seek the prospective relief permitted by the *Ex Parte Young* doctrine; rather, he requests money damages for past harm and future medical bills. Thus, even if Chafin were permitted to amend his complaint and replace the Authority and the WRJ with an official, that amendment would not cure the fundamental deficiencies of the complaint.

Consequently, the undersigned **FINDS** that the Authority and the WRJ are entitled to Eleventh Amendment immunity from suit and should be dismissed from this action.

### B. Defendant Joe DeLong

The law is well-settled that an officer of a State acting in his or her official capacity is entitled to immunity from claims for money damages. *Will,* 491 U.S. at 70. As

9

the Supreme Court explained in *Will*, "a suit brought against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different than a suit against the State itself." *Id.* at 71. "[W]hen the action is in essence one for the recovery of money from the State, the State is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Ford Motor Co. v. Department of Treasury of Ind.*, 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.,* 535 U.S. 613 (2002). Moreover, because a plaintiff making a § 1983 claim must name a person acting under color of state law, it follows that state officials acting in their official capacities are not "persons" subject to a claim for compensatory damages under § 1983.[2] *Will,* 491 U.S. at 71.

The determination of whether a defendant has been named in his official or individual capacity is generally made by examining "the face of the complaint." *Amos v. Maryland Dep't of Pub. Safety & Corr. Servs.,* 126 F.3d 589, 609 (4th Cir. 1997), *vacated on other grounds by* 524 U.S. 935, 118 S.Ct. 2339, 141 L.Ed.2d 710 (1998). Nevertheless, "a plaintiff need not plead expressly the capacity in which he is suing a defendant in order to state a cause of action under § 1983." *Biggs v. Meadows,* 66 F.3d 56, 60 (4th Cir. 1995). "When a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity." *Biggs*, 66 F.3d at 61. In *Foreman v. Griffith*, the Fourth Circuit discussed the

---

[2] It should be reiterated, though, that a state officer sued in his official capacity is not immune to claims for prospective relief. *Will*, 491 U.S. at 71 (citing *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). Here, Chafin seeks only money damages.

10

significance of the factors outlined in *Biggs*:

> With respect to assessing the nature of a plaintiff's claim or claims, the *Biggs* court stated that the plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom or the lack of indicia of such a policy or custom on the face of the complaint indicates that a state actor has been sued in his individual capacity. With respect to the nature of the relief sought, the *Biggs* court also stated that the plaintiff's request for compensatory or punitive damages indicates an individual capacity suit since such relief is unavailable in official capacity suits. Finally, with respect to the course of proceedings, the *Biggs* court stated that the defendant's assertion of qualified immunity as a defense indicates an individual capacity suit, since such a defense is only available in individual capacity suits.

81 Fed.App'x 432, 435 (4th Cir. 2003). Ultimately, "the underlying inquiry remains whether the [p]laintiff's intention to hold a defendant personally liable can be ascertained fairly." *Biggs*, 66 F.3d at 61.

Here, Chafin neither mentioned Joe DeLong by name, nor asserted any factual allegations against him. Rather, Chafin sued the "Director" of the Authority based upon the Authority's rejection of a grievance lodged by Chafin. Clearly, the claim against DeLong is one made against his office, not him personally. As a result, the undersigned **FINDS** that he is entitled to the same immunity from suit enjoyed by the State of West Virginia and should be dismissed from this civil action. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).

### C. Remaining Defendants

The law is also well-settled that State officials acting in their personal capacities under color of state law are not afforded immunity from suit. *Id.* The distinction lies not in "the capacity in which the officer inflicts the alleged injury," but in "the capacity in which the state officer is sued." *Id.* at 26. "Through § 1983, Congress sought 'to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position.'" *Id.* at 27 (quoting *Monroe v. Pape,* 365 U.S. 167, 172, 81

S.Ct. 473, 476, 5 L.Ed.2d 492 (1961)). Accordingly, the "Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983." *Id.* at 30-31 (quoting *Schuerer v. Rhodes,* 416 U.S. 232, 238, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

In the amended complaint, Chafin alleges that some of the defendant correctional officers "punched and kicked [him] for several minutes sadistically attacking [him] for no reason trying to hurt [him]." (ECF No. 11 at 3). He complains that after the attack, he was placed in shackles and handcuffs, and the officers deliberately yanked and twisted the restraints to cause him pain. According to Chafin, as a result of the injuries he received during the attack, he was taken to the medical unit, but the nurse on duty failed to render any care. (*Id.* at 4). Chafin claims that he was taken back to his cell without treatment, although he was still in significant pain. Later that day, when his condition had not improved, Chafin was returned to the medical unit and ultimately remained there. In addition, he alleges that some of the other defendants participated in a cover-up of his beating to protect the attackers. Finally, Chafin alleges that Officer Adkins filed false disciplinary charges against him as part of the cover-up, which caused Chafin to be placed in solitary confinement and have criminal charges filed against him. (Id. at 4-5). Chafin indicates that the criminal charges were dismissed a couple of months later, but remain a part of his criminal record.

Although Chafin's specific claims against some of the defendants are not crystal clear, the gist of the complaint is that Chafin was deprived of his constitutional rights, privileges and immunities by the officers, who abused their positions, and the nurse, who failed to render necessary medical care. Contrary to Defendants' contention, Chafin did not expressly plead the capacity in which he sued these defendants. Therefore, to

12

determine capacity, the Court must look to the nature of the claims asserted and the relief sought by Chafin. From the nature of the allegations and the demand for money damages, the undersigned **FINDS** that Chafin intended to sue the remaining defendants in their personal capacities. Accordingly, the motion to dismiss the remaining defendants should be denied.

### III.   Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the findings herein and **RECOMMENDS** that:

> 1.   The Motion to Dismiss on Behalf of Defendants, West Virginia Regional Jail & Correctional Facility Authority and the Western Regional Jail, (ECF No. 24), be **GRANTED;**
>
> 2.   The Supplemental Motion to Dismiss (ECF No. 34) and Second Supplemental Motion to Dismiss (ECF No. 35) be **GRANTED** as to the West Virginia Regional Jail & Correctional Facility Authority, the Western Regional Jail, and Joe DeLong, Executive Director the West Virginia Regional Jail & Correctional Facility Authority, and be **DENIED** as to the remaining defendants;
>
> 3.   Plaintiff's complaint be **DISMISSED, with prejudice,** against the West Virginia Regional Jail & Correctional Facility Authority, the Western Regional Jail, and Joe DeLong, but continue to pend against the remaining defendants; and
>
> 4.   The West Virginia Regional Jail & Correctional Facility Authority, the Western Regional Jail, and  Joe DeLong, Executive Director the West Virginia Regional Jail & Correctional Facility Authority be removed as defendants from the style of this civil action.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the

date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, counsel of record, and any unrepresented party.

**FILED:** June 12, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge