**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**CHRISTOPHER CHAFIN,**

      **Plaintiff,**

**v.**                           **Case No.:  3:13-cv-01706**

**MIKE CLARK, former Administrator
of the Western Regional Jail; OFFICER
MATTHEW ADKINS; OFFICER KELLY;
OFFICER BARBARA MANNON; OFFICER
SPARKS; OFFICER CHAUNCEY MAYNARD;
OFFICER BLANKENSHIP; OFFICER CHRIS
CARTER; SERGEANT FLEMING; NURSE
DESTINY WARD,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On January 31, 2013, Plaintiff Christopher Chafin ("Chafin"), proceeding *pro se*, filed the instant action pursuant to 42 U.S.C. § 1983, alleging that he was the victim of physical abuse, verbal abuse, and false disciplinary charges while incarcerated at the Western Regional Jail in Barboursville, West Virginia. Chafin requested money damages and an early release from custody. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned recommends that the Plaintiff's complaint be **DISMISSED**, pursuant to Federal Rule of Civil Procedure 41(b)

1

and Local Rule of Civil Procedure 41.1, and this action be removed from the docket of the Court.

## I.    <u>**Procedural History**</u>

On February 5, 2013, the undersigned issued an Order, setting this matter for early status conference. (ECF No. 5). At that time, the only named defendants were the Western Regional Jail, the West Virginia Regional Jail and Correctional Facility Authority, and Mike Clark, as director of the Correctional Facility Authority. Although none of the defendants had been served with process, counsel for the Jail and Correctional Facility Authority agreed to make a special appearance at the status conference in an effort to resolve some administrative issues. Chafin was notified that he would attend the hearing by videoconference from the Mount Olive Correctional Complex, where he was then incarcerated. In addition, Chafin was notified of his obligation to immediately inform the Clerk of Court of any changes in his contact information. (*Id.* at 2).

The initial status conference was held on February 28, 2013. (ECF No. 9). During the status conference, Chafin's Application to Proceed Without Prepayment of Fees and Costs was granted, and he identified additional individuals he intended to join as defendants to the action. (*See* ECF No. 10). Chafin was given time to file an amended complaint. In addition, a preservation order was entered pertaining to potential evidence in the possession of the Jail and Correctional Facility Authority. The Clerk was ordered to issue summons upon receipt of the amended complaint, and the U.S. Marshals Service was ordered to serve the summons and complaint on the defendants. For the second time, Chafin was reminded of his obligation to promptly notify the Clerk of Court of any change of address pursuant to Local Rule of Civil Procedure 83.5. (*Id.* at

2

3).

On March 7, 2013, Chafin filed an amended complaint. (ECF No. 11). The Clerk issued summons, the Marshals Service began serving process, and counsel entered appearances on behalf of the defendants. (ECF Nos. 12-23, 26-33, 36). In April, the Jail and Correctional Facility Authority moved to dismiss the amended complaint against them on the basis of Eleventh Amendment immunity. (ECF No. 24). Chafin did not oppose their motion, and the motion was ultimately granted. (ECF Nos. 37, 44). As to the remaining parties, the Court issued a discovery scheduling order on June 12, 2013, requiring the service of certain disclosures and allowing the parties until September 13, 2013 to complete written discovery and depositions. (ECF No. 38). For the third time, the undersigned advised Chafin of his duty to promptly notify the Clerk of any change in his contact information. (*Id.* at 5).

On September 16, 2013, the Court conducted a discovery status conference. (ECF No. 59). Chafin appeared by videoconference from the Mount Olive Correctional Complex, and the defendants appeared by counsel. Chafin moved for leave to file a second amended complaint, which was granted, and other discovery issues were addressed and resolved. (*See* ECF No. 60). In view of the amended complaint, the discovery deadline was extended through the end of the year. Chafin informed the Court that he expected to be released from custody on October 10, 2013 and provided his anticipated residential address. (*Id.* at 4). Accordingly, the Clerk was notified of Chafin's change of address effective October 10, 2013. (*Id.*)

On February 14, 2014, the Court issued an Order scheduling this action for status conference on March 3, 2014. (ECF No. 72). On the same day, the Clerk of Court received a letter from Chafin stating that he was incarcerated in the York County Jail,

Alfred, Maine and had been there since January 4, 2014. (ECF No. 70). After confirming that the York County Jail had videoconference capability, the Court issued an Order indicating that Chafin would participate in the March 3, 2014 hearing by videoconference from the Jail. (ECF No. 73). Unfortunately, a heavy snowstorm hit the Huntington area on March 3, 2014, forcing a cancellation of the conference. The status conference was subsequently rescheduled to May 21, 2014. (ECF No. 74). In the process of rearranging the audio/video connection, the undersigned learned that Chafin had been released from the York County Jail. According to the Jail, Chafin left no forwarding information. Therefore, in the absence of notification to the contrary, the Court instructed the Clerk to mail the Order setting the May 21 status conference to Chafin's last known residence address. (*Id.*). The Order was not returned by the Post Office.

On May 21, 2014, the Court held the status conference. Counsel for the defendants appeared; however, Chafin was not present. (ECF No. 84). The docket reflected that Chafin had been sent notice of the hearing; therefore, the conference proceeded. A revised scheduling order was put in place to provide newly joined defendants time to complete discovery. (ECF No. 85). In addition, deadlines for the filing of dispositive motions, for settlement negotiations, and for Rule 26(a)(3) disclosures were set. An Order of Status Conference was issued setting forth a new scheduling order and reminding Chafin again of his duty to provide the Clerk with any change of address. (*Id.* at 3). On June 2, 2014, the Order of Status Conference was returned to the Clerk's office as "refused." (ECF No. 90). According to the Post Office, it was "unable to forward" this mail. (*Id.*) Since the return of the Order of Status Conference, all other documents sent to Chafin by the Court have been returned as "undeliverable." (See ECF No. 96, 109, 110, 111, 113, 115). A review of the docket sheet

confirms that the last activity initiated by Chafin in this civil action was his February 2014 letter sent from the jail in York County, Maine.

In the meantime, the defendants have complied with the deadlines set forth in the scheduling order and have attempted to conduct discovery of Chafin's claims. They have made initial disclosures as ordered, served discovery requests, and scheduled Chafin's deposition. However, Chafin's sudden unavailability has prevented them from completing any discovery. Consequently, the defendants filed the following motions seeking a dismissal of the claims against them:

1.  Motion to Dismiss (Second) Amended Complaint and Alternative Motion for Summary Judgment by Nurse Destiny Ward, (ECF No. 92);

2.  Defendants' Motion to Dismiss Pursuant to Rule 41(B) of the Federal Rules of Civil Procedure (by Officer Kelly, Officer Sparks, Sergeant Fleming and Officer Barbara Mannon), (ECF No. 104);

3.  Motion by Nurse Destiny Ward to Dismiss (Second) Amended Complaint Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, (ECF No. 106); and

4.  Defendants Michael Clark and Christopher Carter's Motion to Dismiss, (ECF No. 108).

After the filing of each motion, the Court sent Chafin a notice and order, explaining that a dispositive motion had been filed and providing him with a deadline for supplying a response in opposition to the motion. (ECF Nos. 94, 105, 107, 112). In each case, Chafin was informed that a failure to respond might lead to a recommendation of dismissal. (*Id.*). All of the notices were returned as undeliverable, and Chafin filed no responses to the motions.

On November 12, 2014, the undersigned issued a Notice to Plaintiff and Order pursuant to Local Rule of Civil Procedure 41.1 and Federal Rule of Civil Procedure 41 warning Chafin that unless he could show good cause for the retention of this civil action

on the docket within thirty days of the Order, a recommendation of dismissal would issue. (ECF No. 114). This Notice and Order was returned as undeliverable. Nevertheless, more than thirty days has expired since the entry of the Order on the docket without any response from Chafin.

## II.   <u>Dismissal for Failure to Prosecute</u>

In this case, all of the defendants have moved for dismissal under Fed. R. Civ. P. 41(b) on the ground that Chafin has abandoned his claims by failing to participate in discovery and by ignoring the scheduling order of the Court. They claim to be stymied in their efforts to develop their defenses, arguing that Chafin has failed to timely file disclosures as ordered by the Court, failed to appear at a court-ordered status conference, and failed to present for his properly noticed deposition, all of which provide grounds for the dismissal of his complaint. Defendants add that they have mailed Chafin numerous documents, including discovery requests and notices, only to have them returned, marked "unable to forward." Furthermore, the defendants indicate that no counsel has had any contact with or from Chafin since his letter was sent from the York County Jail in February 2014. (ECF No. 104).

Under Federal Rule of Civil Procedure 41(b), when a plaintiff fails to prosecute or comply with the civil rules or a court order, a defendant may move to dismiss the action or any claim against it. In addition, even without a motion from the defendant, the Court has inherent authority to dismiss a case *sua sponte* for failure to prosecute "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1963). This "power is of ancient origin having its roots in judgments of nonsuit and non prosequitur entered at common law ...

and dismissals for want of prosecution of bills in equity." *Id.* at 630. The process followed by this Court in dismissing an action for want of prosecution without a motion is clearly explained in Local Rule of Civil Procedure 41.1, which states:

> When it appears in any pending civil action ... that the parties have shown no further interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends upon the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). In deciding whether to dismiss a case for failure to prosecute, the Court must consider four factors, including: 1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished); *see also Morgan v. Colvin,* Case No. 3:13-cv-00397-MR-DLH, 2014 WL 695284, at *2 (W.D.N.C. Feb. 24, 2014) (collecting cases). While a *pro se* litigant is generally held to a less stringent standard than an attorney, *see Hughes v. Rowe,* 449 U.S. 5, 10 n. 7, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam), the litigant still must fulfill certain fundamental obligations, including "respect for court orders without which effective judicial administration would be impossible." *Ballard,* 882 F.2d at 96.

## III.   Discussion

Starting with the first factor, Chafin is entirely responsible for the months that have passed without any substantive activity in the case. He was told on multiple occasions that he was obligated to promptly notify the Clerk of any changes in his contact information. Indeed, he actually complied with that duty when he was incarcerated at the York County Jail. However, since his release from the York County Jail last Spring, Chafin has made no effort to contact the Clerk or counsel, and all efforts to locate Chafin have been unsuccessful.

The prejudice to the defendants caused by the delay has been significant. One defendant, Mike Clark, has been involved in the litigation for nearly two years now and has not yet received answers to his written discovery or had an opportunity to take Chafin's deposition. Chafin has been given every chance to amend his complaint and add defendants, and they have had no reciprocal opportunity to defend themselves and resolve the claims against them. Moreover, because the alleged wrongful acts took place in a correctional facility, the more time that passes, the more difficult it will become for the parties to locate witnesses and collect evidence.

In regard to the third factor, prior to Chafin's sudden disappearance from the case in the Spring of 2014, he had no history of being deliberately dilatory. On the other hand, Chafin was incarcerated at the Mount Olive Correctional Complex until October 2013; therefore, all arrangements for court appearances were made for him. Similarly, the defendants accommodated his limited resources by accepting electronic filing as service, and the Clerk's Office provided additional assistance to Chafin. Due to all of the amendments to the complaint, very little discovery had taken place. Consequently, Chafin was not particularly taxed with case-related obligations prior to his release from

the York County Jail.

When considering the final factor, the undersigned concludes that there really is no effective sanction other than dismissal. In light of Chafin's self-created unavailability, the Court cannot, from a practical standpoint, impose a sanction that requires Chafin to take some sort of action. As the Arizona District Court reasoned under similar circumstances, "[w]ithout Plaintiff's current address, however, certain alternatives are bound to be futile ... '[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip through the United States Mail.'" *Quiroz v. Phoenix Police Dept.,* No. CV-13-01876-PHX-DLR, 2014 WL 3809062, at *2 (D.Ariz Aug. 1, 2014) (quoting *Carey v. King,* 856 F.2d 1439, 1441 (9th Cir. 1988). In *Quiroz,* the Court agreed that dismissal was the only viable alternative when the *pro se* plaintiff failed to notify the Court of his change in address after he was released from jail. This decision is consistent with that of courts in other jurisdictions. *See, e.g., Lewis v. Hardy,* 248 F.App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007) ("[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."); *Ball v. City of Chicago,* 2 F.3d 752, 756 (7th Cir. 1993) (holding that court has no obligation to warn a *pro se* plaintiff who has failed to inform the Court of his address change before dismissing his case for failure to prosecute.); *Townsel v. Rapp,* No. 13–cv–10163, 2014 WL 2815699 (E.D.Mich. June 23, 2014) (Failure of a *pro se* plaintiff to take action or notify court of his address change in a six-month period justified dismissal for failure to prosecute); *Murray v. DeRose,* Civil No. 1:CV–13–02837, 2014 WL 2041823 (M.D.Pa. May 15, 2014) (same); *Bowie v. Reed,* No. 1:12-cv-154-RJC, 2013 WL 1798968 (W.D.N.C. Apr. 29, 2013) (holding that failure to comply

9

with a court order and to update his address merited dismissal); *Rodriquez v. Goord,* No. 9:04–CV–0358 (FJS/GHL), 2007 WL 4246443 (N.D.N.Y. Nov. 27, 2007) (holding that a failure to notify the Court of a  change of address pursuant to the local rule justified dismissal of a pending action).

Having considered the four factors, the undersigned **FINDS** that Chafin's second amended complaint should be dismissed for failure to prosecute. Over ten months have passed since Chafin's last contact with the Court and the defendants. While it is possible that some event beyond Chafin's control prevented him from notifying the Clerk of his whereabouts during the period shortly after his release from the York County Jail, it is unlikely that Chafin has been unable to contact the Clerk or defense counsel the entire ten months since his last communication. He has failed to comply with discovery orders and likewise has failed to participate in the discovery process. Although Chafin was reminded on at least three occasions of his duty to promptly notify the Clerk of any change in his address, he has not updated his contact information since leaving the York County Jail sometime between February and early May 2014. As a result, neither defense counsel nor the Court has been able to correspond with him. His case has stalled on the Court's docket where it presently gathers dust. Given that Chafin filed the case almost two years ago, he has had more than enough time to pursue his claims. Consequently, dismissal is a proper and just sanction.

## IV.   <u>Proposal and Recommendation</u>

Wherefore, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge:

1.      **GRANT** Defendants' Motion to Dismiss Pursuant to Rule 41(B) of the

Federal Rules of Civil Procedure (by Officer Kelly, Officer Sparks, Sergeant Fleming and Officer Barbara Mannon), (ECF No. 104);

2.  **GRANT** Motion by Nurse Destiny Ward to Dismiss (Second) Amended Complaint Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, (ECF No. 106);

3.  **GRANT** Defendants Michael Clark and Christopher Carter's Motion to Dismiss, (ECF No. 108).

4.  **DENY** the Motion to Dismiss (Second) Amended Complaint and Alternative Motion for Summary Judgment by Nurse Destiny Ward, (ECF No. 92), as moot;

5.  **DISMISS** the second amended complaint pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule of Civil Procedure 41.1; and

6.  **REMOVE** this action from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,*

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, counsel of record, and any unrepresented party.

**FILED**:  December 19, 2014

Cheryl A. Eifert
United States Magistrate Judge

12